## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrence T. Williams, | Civ. No. 20-0439 (NEB/BRT) |
| Plaintiff, | |
| v. | |
| Brian Howard; Dave Adams; Macey Tezmer; Durand Ackman; Mark Anderson; Travis Pries; Madyson Erdelac; John Mancilman; Sam Reps; Katlin Bain; Brook Heim; Lind Pantzki; and Randi, Martha, Jenn, Ashley, Amanda, Jamie, and Jenn, last names known, | **ORDER** |
| Defendants. | |

Terrence T. Williams, *pro se* Plaintiff.

Gregory J. Griffiths, Esq., Dunlap & Seeger, counsel for Brian Howard, Dave Adams, Macey Tezmer, Durand Ackman, Mark Anderson, Travis Pries, Madyson Erdelac, Sam Reps, Katlin Bain, and Brook Heim.

Anthony J. Novak, Esq., and Bradley R. Prowant, Esq., Larson King LLP, counsel for Linda Pantzki.

BECKY R. THORSON, United States Magistrate Judge.

Plaintiff Terrence T. Williams, an inmate in the custody of the Minnesota Department of Corrections, bring claims for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. No. 8.) This matter is before the Court on Defendants Brian Howard, Dave Adams, Macey Tezmer, Durand Ackman, Mark Anderson, Travis Pries, Madyson Erdelac, Sam Reps, Katlin Bain, and Brook Heim's ("Olmstead County

Defendants") non-dispositive Motion for More Definite Statement. (Doc. No. 20.) For the reasons that follow, the Olmstead County Defendants' Motion for More Definite Statement is denied.

## I.   Background

Plaintiff Terrence T. Williams filed this action on February 3, 2020. (Doc. No. 1.) On February 18, 2020, Plaintiff moved for leave to file an amended complaint. (Doc. No. 5.) On February 27, 2020, the Court denied that motion as moot, observing that because the amended complaint was filed prior to service being completed, it automatically became the operative pleading with no further order of the Court required. (Doc. No. 7.) The Court directed the Clerk of Court to refile the document labeled as Plaintiff's proposed amended complaint (Doc. No. 5-1) as Plaintiff's Amended Complaint in this matter (*see* Doc. No. 8, Am. Compl.). The Amended Complaint is now the operative pleading in this matter.

On June 1, 2020, the Olmstead County Defendants filed a Motion for More Definite Statement. (Doc. No. 20.) On August 17, 2020, Plaintiff filed a Response that in relevant part opposed the Motion for More Definite Statement.[1] (Doc. No. 41, Resp.) For the reasons that follow, the Olmstead County Defendants' Motion for More Definite Statement is denied.

---

[1]   A portion of Plaintiff's Response was also concerned with opposing Defendant Linda Pantzki's Motion to Dismiss, also filed on June 1, 2020. (*See* Doc. No. 26.)

**II.     Analysis**

The Olmstead County Defendants move the Court for an order directing Plaintiff to provide a more definite statement of his claims, arguing that they "cannot ascertain what federal rights (if any) Williams believes were violated by each defendant." (Doc. No. 21, Mem. of Law in Supp. of Mot. for a More Definite Statement ("Mem. in Supp.") 1.) Plaintiff opposes the motion. (*See* Resp.)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* "Because of the liberal notice-pleading standard governing federal pleadings 'and the availability of extensive discovery, Rule 12(e) motions are disfavored.'" *Jackson v. Minnesota Dep't of Human Servs.*, No. 20-CV-749 (ECT/TNL), 2020 WL 4572066, at *2 (D. Minn. Aug. 7, 2020) (citing *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013)). "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996) (citation omitted). "When examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading." *Lyon Fin. Servs., Inc. v. MBS Mgmt. Servs.*, Inc., No. 06–4562, 2007 WL 2893612, at *9 (D. Minn. Sept. 27, 2007). A Rule 12(e) motion is properly granted "where the allegations are so vague or unintelligible that no reasonable response can be

3

expected." *Id.* Whether to grant a motion for a more definite statement lays within the discretion of the Court. *See Burgie v. Hannah*, 407 F. App'x 84, 85 (8th Cir. 2011) (finding district court did not abuse its discretion in denying motion for more definite statement).

Here, the Olmstead County Defendants argue that Plaintiff's "scattershot, run-on narrative does not provide the notice" that Fed. R. Civ. P. 8 requires, and thereby frustrates their ability to answer. (Mem. in Supp. 4.) The Olmstead County Defendants therefore request that Plaintiff be ordered to file an amended complaint describing with specificity how each individual named therein is personally involved, including dates, places, and the specific wrongful acts or omissions by each Defendant. (*Id.* at 6.) They further request he be required to use separately lettered paragraphs beginning with the letter "A." (*Id.*) Plaintiff responds that he does not understand the meaning of this motion, because he "thoroughly and sufficiently elaborated technic[al] points and specifics in regard to [his] claim." (Resp. 2.)

It bears emphasizing that pro se pleadings "must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Where "the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). The Court has reviewed Plaintiff's Amended Complaint and while long and

sometime difficult to follow, it contains a variety of discernable allegations directed at the Olmstead County Defendants. For example:

- Defendants Pries and Erdelac sexually harassed Plaintiff (Am. Compl. 10, 12);[2]

- Defendants Pries and Erdelac targeted Plaintiff with frivolous disciplinary reports that resulted in Plaintiff serving an unjustified sentence in segregation (*id.* at 10–12);

- Defendants Pries, Erdelac, Bain, and Heim mishandled and contaminated Plaintiff's food (*id.* at 12, 20);

- When Plaintiff grieved his allegedly improper placement in segregation, those grievances were denied by Defendants Howard, Ackman, Adams, and Tezmer (*id.* at 12);

- Defendants Pries, Erdelac, Ackman, Howard, Tezmer, Adams, and Anderson ignored Plaintiff's complaints and grievances concerning allegedly inhumane and cruel living conditions in segregated confinement and Plaintiff's medical needs (*id.* at 12–13, 16, 20);

- Defendants Heim and Bain wrote false reports against and disciplined Plaintiff for practicing his religion (*id.* at 20, 23–24); and

- Defendant Ackman restricted Plaintiff's access to legal resources in order to deny him access to the courts (*id.* at 18–19).

Though not pleaded with legal nicety, the Plaintiff's allegations in his Amended Complaint can be construed to assert claims for unconstitutional conditions of confinement and deliberate indifference to Plaintiff's medical needs under the Eighth Amendment, violation of Plaintiff's First Amendment free-exercise rights, and denial of

---

[2]   Plaintiff did not use numbered paragraphs in his Amended Complaint; accordingly, all citations to those documents are to page numbers.

5

Plaintiff's right of access to the courts.[3] To the extent Plaintiff intended to plead otherwise, he may file a motion for leave to file a second amended complaint. *See Niekamp v. Missouri*, No. 20-4075-CV-C-WJE, 2020 WL 5350293, at *4 (W.D. Mo. Sept. 4, 2020) (construing pro se plaintiff's complaint, and denying motion for more definite statement).

In sum, while Plaintiff's Amended Complaint is not a model of clarity, the Court finds that it is not so excessively vague and ambiguous as to render it unintelligible and Defendants are on notice of the nature of Plaintiff's claims.[4] For these reasons, the

---

[3]   Plaintiff also alleges that he seeks actual and punitive damages in the amount of $3,000,000, as well as injunctive relief. (Am. Compl. 25.)

[4]   The only case cited by Defendants that concerned a district court's analysis of the intelligibility of a complaint, *Tanksley v. Sacramento Cty. Jail*, No. 2:18-CV-3158-EFB P, 2020 WL 589200, at *1 (E.D. Cal. Feb. 6, 2020), is distinguishable for two reasons. First, *Tanksley* concerns a motion to dismiss, not a motion for more definite statement. Second, the *Tanksley* court cited the plaintiff's failure to append extra pages in order to clearly articulate his claims as one reason for granting the motion to dismiss. *Id.*, at *1. The result was that the plaintiff in *Tanksley* instead condensed his handwriting to "fit into the small space offered by the Complaint form," rendering it "illegible." *Id.* Here, however, Plaintiff did no such thing; instead, he appended additional pages of handwritten, legible text. (*See generally* Am. Compl.)

The Olmstead County Defendants also cite *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). But that case involved the Eighth Circuit's review of a district court's dismissal of a complaint because the plaintiff had failed to comply with the district court's order that she delineate the defendants and identify their respective acts or omissions. *Id.* at 989 – 90. Here, however, as explained above, Plaintiff has already made specific allegations against identifiable Defendants. The remaining cases cited by the Olmstead County Defendants stand for the unremarkable proposition that pro se plaintiffs must comply as best they can with applicable rules. But because those opinions do not concern Rule 12(e) motions for a more definite statement and do not address the intelligibility of pleadings, the Court does not find them instructive in this case.

Olmstead County Defendants' Motion for a More Definite Statement is denied.[5]

### ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Olmstead County Defendants' Motion for More Definite Statement (**Doc. No. 20**) is **DENIED**.

.

Dated: January 19, 2021     *s/ Becky R. Thorson*
　　　　　　　　　　　　　BECKY R. THORSON
　　　　　　　　　　　　　United States Magistrate Judge

---

[5] The Court takes no position on any further potential challenges to the Amended Complaint in its current form or on the merits of any factual or legal allegations therein.