# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrence T. Williams,<br><br>                Plaintiff,<br><br>v.<br><br>Brian Howard; Dave Adams; Macey Tezmer; Durand Ackman; Mark Anderson; Travis Pries; Madyson Erdelac; John Mancilman; Sam Reps; Katlin Bain; Brook Heim; Lind Pantzki; and Randi, Martha, Jenn, Ashley, Amanda, Jamie, and Jenn, last names known,<br><br>                Defendants. | Civ. No. 20-0439 (NEB/BRT)<br><br>**REPORT AND RECOMMENDATION** |

Terrence T. Williams, *pro se* Plaintiff.

Gregory J. Griffiths, Esq., Dunlap & Seeger, counsel for Brian Howard, Dave Adams, Macey Tezmer, Durand Ackman, Mark Anderson, Travis Pries, Madyson Erdelac, Sam Reps, Katlin Bain, and Brook Heim.

Anthony J. Novak, Esq., and Bradley R. Prowant, Esq., Larson King LLP, counsel for Linda Pantzki.

BECKY R. THORSON, United States Magistrate Judge.

      Plaintiff Terrence T. Williams, an inmate in the custody of the Minnesota Department of Corrections, bring claims for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. No. 8.) This matter is before the Court on Defendant Linda Pantzki's Motion to Dismiss. (Doc. No. 26.) For the reasons that follow, this Court recommends that Defendant Pantzki's Motion to Dismiss be granted.

**I.     Background**

Plaintiff Terrence T. Williams filed this action on February 3, 2020, and an Amended Complaint was docketed on February 27, 2020. (Doc. Nos. 1, 8.) In his Amended Complaint, Plaintiff presents a variety of allegations, including that he was improperly punished with time in segregated confinement, subjected to cruel and inhumane living conditions while so confined, Defendants were deliberately indifferent to his serious medical needs, and that his free exercise rights and right of access to the courts were violated. (*See generally* Am. Compl.) On June 1, 2020, Defendant Pantzki filed a Motion to Dismiss. (Doc. No. 26, Mot. to Dismiss.) Plaintiff filed a Response on August 17, 2020.[1] (Doc. No. 41, Resp.) On September 11, 2020, Defendant Pantzki filed a Reply (Doc. No. 43, Reply), and on October 9, 2020, Plaintiff filed a sur-reply (Doc. No. 46, Resp. to Defendant Linda Pantzki's Reply Mem. of Law ("Sur-Reply")).

**II.    Analysis**

Defendant Pantzki moves to be dismissed from this action, arguing that Plaintiff has failed to state a claim against her on which relief can be granted. (Doc. No. 28, Mem. in Supp. of Mot. to Dismiss ("Mem. in Supp.") 6–10.) Defendant Pantzki argues in the alternative that Plaintiff's Amended Complaint should be dismissed in its entirety for failing to comply with Fed. R. Civ. P. 8. (Mem. in Supp. 11–12.) Plaintiff opposes the Motion to Dismiss. (*See* Resp.; Sur-Reply.)

---

[1]     A portion of Plaintiff's Response was also concerned with opposing the Olmstead County Defendants' Motion for More Definite Statement, also filed on June 1, 2020. (*See* Doc. No. 20.)

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under the current pleading standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555. Thus, the Court in examining a motion to dismiss must determine whether the plaintiff raises a plausible claim of entitlement to relief after assuming all factual allegations in the complaint to be true. *Id.* at 558. Pro se complaints, however, "must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849.

### B. Failure to State a Claim

Defendant Pantzki argues that Plaintiff's claims against her should be dismissed for failure to state a claim. (Mem. in Supp. 6–10.) Specifically, Defendant Pantzki argues that Plaintiff has failed to plead facts that, if taken as true, demonstrate that he suffered from an objectively serious medical need and that Defendants were deliberately indifferent to that need. (*Id.* at 6–8.) Defendant Pantzki further argues that even if

Plaintiff had pleaded such facts, he failed to connect his allegations concerning his medical treatment to Defendant Pantzki. (*Id.* at 9–10.)

Plaintiff responds that his "claim against each individual defendant is conjoined and shows a group effort as a whole how every defendant mentioned partook in . . . violating Plaintiff's constitutional rights." (Resp. 1; *see also* Sur-Reply 1–2.) Plaintiff argues that Defendant Pantzki conspired with the other Defendants to "suppress" him and to deny him medical care, and that Defendant Pantzki "turned a 'blind eye'" to Plaintiff's health issues and utilized her position to punish Plaintiff. (Resp. 2; Sur-Reply 2.)

This Court finds that Plaintiff's arguments are not supported by the allegations pleaded in his Amended Complaint. The minimum pleading standard requires that Plaintiff assert facts that allow the Court to draw a reasonable inference that Defendant Pantzki is liable for the misconduct Plaintiff alleges. *Twombly*, 550 U.S. at 555. Here, however, while Plaintiff names Defendant Pantzki as a Defendant in this matter, her name does not appear again in his Amended Complaint. (*See generally*, Am. Compl.) Accordingly, this Court finds that Defendant Pantzki's Motion to Dismiss should be granted for failure to state a claim.

This Court observes that even if the Amended Complaint did support the arguments that Plaintiff makes in his Response and Sur-Reply, this Court would still recommend that Defendant Pantzki be dismissed from this case. Plaintiff argues that Defendant Pantzki conspired with other unspecified Defendants to violate his constitutional rights and deny him medical care. (Resp. 1–2; Sur-Reply 1–2.) But to maintain a conspiracy claim under § 1983, Plaintiff must allege "specific facts tending to

4

show a meeting of the minds among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (internal quotation marks and citation omitted). Here, Plaintiff has not done so. Plaintiff's bald assertions that Defendant Pantzki ignored his medical needs and used her position to punish him fare no better, as they are wholly unsupported by any detailed factual allegations. "[C]onclusory allegations that merely parrot the elements of a claim, even if made by a plaintiff proceeding pro se, are insufficient to survive a motion to dismiss for failure to state a claim." *Jackson v. U.S. Dep't of Justice*, No. CIV. 09-0846 JRT/JJK, 2009 WL 5205421, at *4 (D. Minn. Dec. 23, 2009), *objections overruled*, No. CIV. 09-846 JRT/JJK, 2010 WL 889884 (D. Minn. Mar. 8, 2010).

For these reasons, this Court recommends that Defendant Pantzki's Motion to Dismiss be granted for failure to state a claim.[2]

---

[2] Because this Court recommends Defendant Pantzki's Motion to Dismiss be granted for failure to state a claim, this Court declines to address Defendant Pantzki's argument in the alternative that the Amended Complaint should be dismissed due to its alleged failure to comply with Fed. R. Civ. P. 8. This Court observes, however, that Rule 8 presents a low bar, requiring only that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and that courts construe pro se pleadings liberally. *Topchian*, 760 F.3d at 849. This Court disagrees with Defendant Pantzki's characterization of Plaintiff's Amended Complaint as incoherent because while not pleaded with legal nicety, it does allege identifiable causes of action. (*See, e.g.*, Doc. No. 48.) As explained above, however, none of those allegations implicate Defendant Pantzki.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1. Defendant Linda Pantzki's Motion to Dismiss (**Doc. No. 26**) be **GRANTED** as described above; and

2. Judgment be entered accordingly.


Dated: January 19, 2021                    *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).