UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrence T. Williams, | Case No. 0:20-cv-00439 (NEB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Howard; Dave Adams; Macey Tezmer; Durand Ackman; Mark Anderson; Travis Pries; Madyson Erdelac; John Mancilman; Sam Reps; Katlin Bain; Brook Heim; and Randi, Melissa, Martha, Jenn, Ashley, Amanda, Jamie, Jenn, and Brook, last names known, | |
| Defendants. | |

Plaintiff Terrence T. Williams, an inmate currently housed at the Will County Adult Detention Facility in Joliet, Illinois, brings claims for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Am. Complaint, Dkt. No. 8.) Presently before the Court are Plaintiff's Motion for Discovery of Production of Documents (Dkt. No. 55), and his Motion for Attorney Representation (Dkt. No. 56).[1] For the reasons set forth below, the Motion for Discovery of Production of Documents is **GRANTED**, and the Motion for Attorney Representation is **DENIED**.

Plaintiff Terrence T. Williams filed this action on February 3, 2020 (Dkt. No. 1), and filed an Amended Complaint on February 27, 2020 (Dkt. No. 8). In his

---

[1] Plaintiff's Motion is accompanied by a supporting exhibit (Pl.'s Ex., Dkt. No. 57).

Amended Complaint, Plaintiff alleges Defendants treated him unconstitutionally while he was housed at the Olmsted County Adult Detention Facility ("OCADC") in Rochester, Minnesota, between November 2019 through February 2020. (*Id.* ¶¶ 5–6.) Specifically, Mr. Williams alleges that OCADC staff members sexually harassed him (Am. Compl.[2] at 9, 21–22, 24–25); served him contaminated food (*id.* at 10, 16, 21); served him food that violated his known religious dietary restrictions (*id.* at 19–21); wrote him up in frivolous disciplinary reports (*id.* at 10, 23); improperly punished him with time in segregated confinement (*id.* at 10, 22–23, 26); subjected him to cruel and inhumane living conditions while so confined (*id.* at 9-10, 14, 22); acted with deliberate indifference to his serious medical needs (*id.* at 10, 12–14, 19, 25–26); discriminated against him based on his race, which is Black (*id.* at 23–24; *Inmate Inquiry*, Will County Adult Detention Facility, http://66.158.72.230/NewWorld.InmateInquiry/Public/Inmate/Detail/-251242 (last visited Sept. 17, 2021)); and interfered with his religious free exercise rights and right of access to the courts (*id.* at 15, 24, 26).

Mr. Williams further argues that he felt prison staff members treated him as if he "ha[d] no rights at all." (*id.* at 16.) Plaintiff also claims he has received no relief through the Bureau's available grievance processes (*id.* at 9–13, 15, 18, 21-22, 25, 27), and contends he has suffered physically and mentally because of Defendants' unconstitutional treatment (*id.* at 12–15).

---

[2] The Court will refer to page numbers designated by the ECF entries at the top of each page of the Amended Complaint for ease of reference.

### I.    Plaintiff's Motion for Discovery of Production of Documents

On September 7, 2021, Plaintiff filed the instant Motion for Discovery for Production of Documents, substantively making two requests. (Dkt. No. 55.) First, Plaintiff asks the Court to order Defendants to produce

> documentation[,] such as dietary menu or schedule from November 2019- February 2020[,] . . . which is the duration of time Plaintiff spent detained at the OCADC, the policy and designs/guidelines that the dietary facilities are administered through, and all documentation (if recorded) of Plaintiff[']s disciplinary proceedings and history (such as the reports, the hearings; and the result (verdict), and Plaintiff[']s grievances.

(Pl.'s Mot. ¶ 5.) Additionally, Plaintiff asks the Court to order Defendants to produce "the standard policy and designs/guidelines for which the rules are regulated, enforced, and administered, production of the OCADC grieving policy, and the handbook for which a pretrial detainee [was/is] to solely rely upon at the OCADC, as well as every aspect of the disciplinary proceedings." (Pl.'s Mot. ¶ 6.)

Defendants have not filed a Response to Plaintiff's Motion.

Because the requested discovery appears relevant to Mr. Williams' claims as alleged in his Amended Complaint and Motion, Plaintiff's Motion for Discovery of Production of Documents is granted, and Defendants are ordered to produce the requested documents to Plaintiff within 30 days of this order.

### II.    Plaintiff's Motion for Appointment of Counsel

With respect to Mr. Williams' motion for appointment of counsel, indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Rather, the appointment of counsel in civil cases is a matter committed to the discretion of the

3

trial court. *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). Among the factors a court should consider in deciding whether to appoint counsel are "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). The Court finds that neither the facts nor the legal issues raised in this action are so complex as to warrant appointment of counsel. The existence of conflicting testimony beyond Defendants' Answer (Dkt. No. 51) is not yet known. Based on Mr. Williams' submissions to date, it appears he can ably investigate the facts, present his claims, and communicate effectively with the Court. Therefore, his Motion for Attorney Representation is denied without prejudice.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Terrence T. Williams' Motion for Discovery of Production of Documents (Dkt. No. 55) is **GRANTED**, and Defendants are hereby ordered to produce the requested documents to Plaintiff **within 30 days of this Order**; and

2. Plaintiff Terrence T. Williams' Motion for Appointment of Counsel [Doc. No. 56] is **DENIED WITHOUT PREJUDICE**.

Dated: September 17, 2021                    *s/ John F. Docherty*
                                             John F. Docherty
                                             United States Magistrate Judge