## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrence T. Williams, | Case No. 20-cv-439 (NEB/JFD) |
| Plaintiff, | |
| v. | |
| Brian Howard; Dave Adams; Macey Tezmer; Durand Ackman; Mark Anderson; Travis Pries; Madyson Erdelac; John Mancilman; Sam Reps; Katlin Bain; Brook Heim; and Randi, Melissa, Martha, Jenn, Ashley, Amanda, Jamie, and Jenn, last names unknown, | **ORDER** |
| Defendants. | |

Plaintiff Terrence T. Williams, an inmate currently housed at the Will County Adult Detention Facility ("WCADF") in Joliet, Illinois, brings claims for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Am. Complaint, Dkt. No. 8.) Presently before the Court is Plaintiff's Motion for Production of Documents (Discovery). (Dkt. No. 59.) Defendants have filed a Letter in response to Plaintiff's Motion. (Dkt. No. 60.) For the reasons set forth below, Plaintiff's Motion for Production of Documents (Discovery) is granted in part and denied in part.

## I.     Background

Plaintiff Terrence T. Williams filed this action on February 3, 2020 (Dkt. No. 1) and an Amended Complaint on February 27, 2020 (Dkt. No. 8). In his Amended Complaint, Plaintiff alleges Defendants treated him unconstitutionally during the time that he was

housed at the Olmsted County Adult Detention Facility ("OCADC") in Rochester, Minnesota, between November 2019 and February 2020. (*Id.* ¶¶ 5–6.)

On October 15, 2021, Plaintiff filed the instant Motion for Production of Documents (Discovery). (Dkt. No. 59.) In his Motion, Plaintiff raises three requests. First, he asks the Court to order Defendants to produce grievances submitted by Plaintiff while he was in administrative segregation at the OCADC, including those submitted on form number ADC00213. (Pl.'s Mot. ¶ 2.) Second, Plaintiff asks the Court to issue an order to "officials, property clerks, and administrat[ors] . . . at the Will County jail" notifying them of the types of discovery that Plaintiff may receive and ordering them to allow Plaintiff to view that discovery, including DVDs and documents. (*Id.* ¶¶ 6–8.) Third, Plaintiff asks the Courts to order that mail sent by the Court or Defendants to him be marked "Legal" or "Privileged." (*Id.* ¶ 9.)

Defendants provided their response to Plaintiff's Motion in their Letter filed on October 27, 2020. (Dkt. No. 60.) In it, Defendants confirm that "Olmsted County was able to locate 11 paper grievances" submitted by Plaintiff while he was in administrative segregation at the OCADC that are responsive to Plaintiff's discovery request. (Defs.' Letter at 1.) Defendants attest to mailing these discovery productions "to Mr. Williams via U.S. mail as 'Legal Mail' on [October 27, 2021]." (*Id.*) Defendants also take no position on Mr. Williams' requests to address his alleged lack of access to discovery productions for this action while housed at WCADF. (*Id.*) And finally, Defendants raise no objection "to designating information sent to Mr. Williams as 'Legal Mail[.]'" (*Id.*)

## II.    Discussion

With respect to Mr. Williams' request that Defendants produce his grievance records that he had filed during his administrative segregation at OCADC, including those submitted on form number ADC00213 (*see* Pl.'s Mot. ¶ 2), Defendants confirm that they have searched for and produced 11 additional documents responsive to Plaintiff's request in this Motion. (Defs.' Letter at 1.) Therefore, the Court denies Plaintiff's Motion as moot in respect to his discovery request for these documents.

Regarding Plaintiff's request that the Court issue an order to "officials, property clerks, and administrat[ors] here at the Will County jail" notifying them of the types of discovery that Plaintiff may receive, and ordering them to allow Plaintiff to view that discovery, including DVDs and documents (*see* Pl.'s Mot. ¶¶ 6–8), the Court cannot address claims not properly before this Court. The Will County ADF is not a party to this lawsuit, and a case's resolution cannot bind non-parties. *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008) (observing the fundamental rule that parties not before the court are not bound by its judgments). It is well-established that "[i]nmates have a fundamental constitutional right of access to the courts." *Allen v. Lopez*, No. CV 15-1860 (JRT/JJK), 2015 WL 13746677, at *5 n.4 (D. Minn. Dec. 1, 2015), *R. & R. adopted*, 2016 WL 5400361 (D. Minn. Sept. 26, 2016) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). The appropriate action to raise a violation of a prisoner's fundamental rights is a § 1983 claim, and such claims require prisoners to exhaust their administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."). When an inmate believes their right to court access is being denied, they should proceed through the administrative steps available at the detention facility in which they are currently housed, typically beginning with the submission of a grievance form that requests detention facility officials take an official action, often called a "kite." *See, e.g., Allen*, 2015 WL 13746677, at *1. Therefore, Plaintiff may wish to exhaust WCADF's grievance procedures regarding accessing discovery productions for the instant action, but as stated above, those alleged deprivations are not part of this case. Therefore, the Court denies Plaintiff's Motion in respect to his request for an order purporting to give direction to WCADF's officials, property clerks, and administrators.

However, to promote efficient resolution of this action, to the extent that written[1] discovery may be produced in hard copy rather than digital format, the Court orders Defendants to produce any past or future written discovery materials in hard copy format to Plaintiff, if they have not already done so. This will obviate the need for Plaintiff to seek computer access from the authorities in Will County to review written discovery.

Finally, Plaintiff asks the Court to order that mail delivered to Plaintiff be marked "Legal" or "Privileged." (*Id.* ¶ 9.) The Clerk of Court's Office maintains a standard practice of stamping all Court mailings to prisoners with text reading as follows: "LEGAL MAIL / OPEN IN THE PRESENCE / OF THE INMATE." Any mailings sent by this Court to Plaintiff will continue to be labelled accordingly. As to mailings by Defendants to Plaintiff

---

[1] The Court notes that some of the discovery Plaintiff seeks to view is on DVDs, which cannot be resolved by this Order.

4

in this action, Defendants do not object to Plaintiff's labeling request. (Defs.' Letter at 1.) Therefore, the Court orders Defendants to mark any future correspondence and discovery sent to Plaintiff after the date of this Order with "Legal" or "Privileged" on the exterior of the mailed items.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Terrence T. Williams' Motion for Discovery and Court Order for the Discovery Established (Dkt. No. 59) is **DENIED AS MOOT** as to his requests for production of additional grievance records; **DENIED** as to his request for an order to WCADF officials, clerks, and administrators; and **GRANTED** as to his labelling request for future correspondence and discovery in this matter.

2. Defendants are hereby ordered to send all future written discovery in hard copy format to Plaintiff. Defendants are also ordered to resend all past written discovery produced in digital format, if any, in hard copy format to Plaintiff within 14 days of this Order. Finally, Defendants are ordered to mark all future correspondence and discovery production with "Legal" or "Privileged" on the exterior of any mailing to Plaintiff.

3. Both parties are ordered, in all future motion practice, to abide by the Local Rules for this District of Minnesota Court, which can be found at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders, including, Local Rule 7.1 which requires that before filing a motion, "the moving party must . . . meet and confer with the opposing party in a good-faith effort to

resolve the issues raised by the motion," then "file a meet-and-confer statement together with the motion it relates to." D. Minn. LR 7.1(a).


Dated: November 1, 2021          *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge