## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Terrence T. Williams,

               Plaintiff,

v.

Brian Howard; Dave Adams; Macey Tezmer; Durand Ackman; Mark Anderson; Travis Pries; Madyson Erdelac; John Mancilman; Sam Reps; Katlin Bain; Brook Heim; and Randi, Melissa, Martha, Jenn, Ashley, Amanda, Jamie, and Jenn, last names unknown,

               Defendants.

Case No. 20-CV-0439 (KMM/JFD)

**REPORT AND RECOMMENDATION**

---

Plaintiff Terrence T. Williams brings claims in this action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Am. Complaint, Dkt. No. 8.) Presently before the Court is Plaintiff's failure to respond to Defendants' Motion for Summary Judgment (Dkt. No. 62). For the reasons set forth below, the Court now recommends dismissal without prejudice for failure to prosecute.

## I.    Background

Plaintiff Terrence T. Williams filed this action on February 3, 2020 (Dkt. No. 1) and an Amended Complaint on February 27, 2020 (Dkt. No. 8). In his Amended Complaint, Plaintiff alleges that Defendants treated him unconstitutionally during the time that he was housed at the Olmsted County Adult Detention Facility ("OCADC") in Rochester, Minnesota, between November 2019 and February 2020. (*Id.* ¶¶ 5–6.)

On November 12, 2021, Defendants filed their Motion for Summary Judgment arguing that they are entitled to summary judgment on all of Plaintiff's claims. (Def.'s Mem. Supp. Mot. Summ. J. at 1.) Under Local Rule 7.1 of this District, Plaintiff—as the responding party to a dispositive motion—had 21 days after Defendants filed their Motion to file and serve a responsive memorandum of law and any affidavits or exhibits. *See* D. Minn. LR 7.1(c)(2). Because Defendants filed their Motion on November 12, 2021, Plaintiff had until December 3, 2021, to file his response. Plaintiff failed to do so.

On December 14, 2021, the Court issued an Order noting that Plaintiff had not filed any response by his December 3 deadline. (Dec. 14 Order at 1–2, Dkt. No. 78.) The Court *sua sponte* granted Plaintiff until December 28, 2021, to "file either a written response to Defendants' Motion for Summary Judgment, or a written statement that he does not oppose the Motion." (*Id.* at 2.) The Court also cancelled the scheduled January 3, 2022 hearing on Defendants' Motion, but added that the hearing would be rescheduled at the Court's discretion after briefing of the Motion was complete. (*Id.*) In its Order, the Court cautioned plaintiff that failure to comply with the Court's Order might result in a recommendation of dismissal of the action for failure to prosecute. (*Id.*) Plaintiff failed to file any response by the December 28, 2021 deadline.

Nine days later, in a Motion dated January 6, 2022, and filed on the docket on January 11, 2022, Plaintiff moved the Court to extend the deadline for his response to Defendants' Motion for Summary Judgment, stating that he was currently unsheltered and needed 60 additional days to research and submit his response. (Pl.'s Mot. at 1–2, Dkt. No. 81.) On January 12, the Court granted Plaintiff's Motion, "find[ing] that justice require[d]

permitting Plaintiff additional time in which to respond to Defendants' Motion for Summary Judgment." (Jan. 12 Order at 1, Dkt. No. 82.) The Court gave Plaintiff 60 additional days from the date of his Motion, through March 7, 2022, to "file either a written response to Defendants' Motion for Summary Judgment, or a written statement that he does not oppose the Motion." (*Id.* at 2.) The Court again cautioned Plaintiff that failure to comply with the Court's Order might result in a recommendation of dismissal of this action for failure to prosecute. (*Id.*)

After filing its January 12 Order, the Court noted that the Clerk of Court documented that the copy of the Court's order mailed to Plaintiff was returned by the U.S. Postal Service as undeliverable, and was resent to Plaintiff on January 18, 2022 to an updated address. No further undeliverable mail notices have been received since January 18.

The March 7, 2022, deadline set by this Court has passed, and it has now been over 75 days since Plaintiff filed his Motion requesting his 60-day extension. Plaintiff has submitted neither a response to Defendants' Motion for Summary Judgment, nor a written statement that he does not oppose the Motion.

Because Plaintiff said in his January 6, 2022 Motion that he was currently unsheltered, and given that Plaintiff's mail had previously been returned as undeliverable, at the time of this writing the Court sought and received confirmation from the Clerk of Court that Plaintiff's most recent mailing had not been returned as undeliverable. The Court, therefore, assumes that its Order reached Plaintiff.

Accordingly, finding that Plaintiff has failed to comply with the Court's January 12 Order, this Court now recommends that Plaintiff's action be dismissed without prejudice

under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.")

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: March 24, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).