UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terrence T. Williams,

          Plaintiff,

v.

Brian Howard, et al.,

          Defendant.

Case No. 20-CV-439 (KMM/JFD)

ORDER

The above matter comes before the Court upon the Report and Recommendation (R&R) of United States Magistrate Judge John F. Docherty, dated March 24, 2022. The R&R recommends dismissing this action without prejudice for failure to prosecute. No objections have been filed to that R&R in the time period permitted.

The Defendants filed a Motion for Summary Judgment on November 12, 2021, and by Local Rule, Mr. Williams's response was due on December 3, 2021. Because Mr. Williams did not file a response by that deadline, Judge Docherty issued an Order requiring him to either submit a response in opposition or a statement of non-opposition by December 28, 2021. [ECF No. 78]. That Order specifically warned Mr. Williams that failure to meet the December 28th deadline may result in a recommendation of dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [*Id.*]

On January 11, 2022, Mr. Williams filed a notice that his address had changed and asked for additional time to respond to the motion for summary judgment. [ECF Nos. 80, 81]. In an Order dated January 12, 2022, Judge Docherty granted his request, giving Mr. Williams an additional sixty days to file a response to the Defendants' motion. [ECF

1

No. 82]. Again, Judge Docherty cautioned Mr. Williams that a failure to comply with the Order may result in a recommendation that the case be dismissed without prejudice for failure to prosecute. [*Id.*] The January 12th Order was originally mailed to Mr. Williams's previous address and was returned as undeliverable. However, the Clerk of Court re-sent the Order to Mr. Williams's updated address, and the record contains no evidence it was again returned. [Text Only docket entries (Jan. 12 & 18, 2022)].

After the extended deadline passed, Judge Docherty observed that Mr. Williams still had not responded to the motion for summary judgment. [R&R at 3]. The R&R includes the following observation regarding the January 12th Order:

> Because Plaintiff said in his January 6, 2022 Motion that he was currently unsheltered, and given that Plaintiff's mail had previously been returned as undeliverable, at the time of this writing the Court sought and received confirmation from the Clerk of Court that Plaintiff's most recent mailing had not been returned as undeliverable. The Court, therefore, assumes that its Order reached Plaintiff.

[*Id.*] As a result, the R&R recommends that this action be dismissed without prejudice for failure to prosecute.

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, Case No. 19-cv-2384 (WMW/DTS), 2021 WL 4444813, at *1 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)).

Based on the Court's careful review of the R&R and the record in this case, the Magistrate Judge committed no error, clear or otherwise. The record amply supports the finding that Mr. Williams has failed to meet deadlines established by the applicable rules and

Orders of the Court. It is appropriate for courts to presume, as the R&R did here, that a litigant has received a copy of an order or other document mailed by the court clerk to the address provided by the litigant when the item has not been returned as undeliverable. *E.g.*, *Fisher v. Russell Stover Chocolates, LLC*, No. 19-4075-SAC-ADM, 2020 WL 2042778, at *1 (D. Kan. Apr. 10, 2020) ("None of the mail addressed to Mr. Fisher was returned as undeliverable. The court presumes that he received all mailings."), *report and recommendation adopted*, No. 19-4075-SAC, 2020 WL 2036719 (D. Kan. Apr. 28, 2020); *Bristol v. El Paso Cnty. Sheriff Dep't*, No. 14-CV-00012-RM-KLM, 2015 WL 4053503, at *1 n.1 (D. Colo. June 30, 2015) (presuming the *pro se* plaintiff received several documents that were not returned as undeliverable).

Dismissal without prejudice is an appropriate exercise of the Court's discretion in this case. There is no indication that Mr. Williams's failure to comply with any deadline or order constitutes willful disobedience or was part of a pattern of intentional delay. *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000) (explaining that dismissal with prejudice is reserved for "cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay").

Finally, the Court notes that the R&R itself was originally returned as undeliverable to the most recent address Mr. Williams provided the Clerk of Court. [Text Only docket entry (Apr. 4, 2022)]. The record indicates that a representative from the Clerk's Office spoke to Mr. Williams on April 4, 2022, and he informed them that the address was still correct and that he had some issues with the post office that had been resolved. The R&R was mailed to Mr. Williams again. That was more than a month ago, and there has been no indication that

the R&R was not received. However, Mr. Williams has not objected to the R&R, nor has he otherwise contacted the Court regarding this case. Though the Court is sympathetic to Mr. Williams's housing insecurity and recognizes the difficulties such circumstances present for carrying on litigation as a *pro se* party in federal court, under these circumstances, the Court concludes that dismissal without prejudice for failure to prosecute is appropriate.

**IT IS HEREBY ORDERED that**

1. The Report and Recommendation [ECF No. 83] is **ADOPTED**,

2. The Motion for Summary Judgment [ECF No. 62] is **DEEMED MOOT**, and

3. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**Let Judgment Be Entered Accordingly.**

Date: **May 12, 2022**              *s/ Katherine M. Menendez*
                                    Katherine M. Menendez
                                    United States District Judge