## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrence T. Williams, | No. 20-cv-439 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Howard, et al., | |
| Defendants. | |

On February 3, 2020, Plaintiff Terrence T. Williams, who was then in custody at the Olmsted County Adult Detention Center in Rochester, Minnesota, filed his complaint in this case. [Dkt. 1.] Over the course of the proceeding, Mr. Williams's address changed on several occasions, with the locations indicating that he has been in and out of custody over the last three years. [Dkt. 17, 18, 35, 80, 86-1.] On May 12, 2022, the Court entered an Order adopting the Report and Recommendation of Magistrate Judge John F. Docherty, dismissing this case without prejudice for failure to prosecute, and finding the Defendants' motion for summary judgment to be moot. [Dkt. 84.] The Clerk entered Judgment later that day and this matter was closed. [Dkt. 85.]

On February 27, 2023, Mr. Williams filed a motion asking the Court to reopen this case, which the Court liberally construes as a motion for relief from the judgment under Federal Rule of Civil Procedure 60. [Dkt. 86.] In support of his motion, Mr. Williams states that: (1) he has had "issues with mailing procedures"; (2) his housing insecurity made it very difficult to keep up with this litigation; (3) he wishes to move forward with his lawsuit;

(4) if granted the relief he requests he will use his best efforts to prosecute the matter in a timely fashion and keep the Court informed of his location; and (5) he had intended to contact the Court sooner but was wrapped up in criminal and civil proceedings in Illinois. [*Id.*] Further, he advises that the last document he received was "a petition from the defense(s) attorney stating what the defense felt was the grounds that the defense believed applied to the defense for deserving judgment or ruling in their favor." [*Id.*] The Court understands this to be a reference to the Defendants' summary-judgment papers.[1]

The Court has carefully considered the motion for relief from the judgment, and though the Court sympathizes with the difficulties Mr. Williams encountered, his motion will be denied. Federal Rule of Civil Procedure 60(b) allows a party to obtain relief from a final judgment, like the one entered in this case, and reopen the proceedings under a limited set of circumstances including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). In addition to the more specific reasons why relief from a judgment may be entered under Rule 60(b)(1)–(5), under Rule 60(b)(6) a case may be reopened when the movant shows "any . . . reason justifying relief from the operation of the judgment." *Id.* at 529. But relief under the catch-all provision of Rule 60(b)(6) is available only under extraordinary circumstances. *Buck v. Davis*, 580 U.S. 100, 123 (2017); *Schwieger v. Farm Bur. Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000). For exceptional circumstances to exist they must "have denied the moving party a full and fair opportunity

---

[1] Mr. Williams asked for an extension of time to respond to the motion in early January 2022, about one month after Judge Docherty entered an Order directing Mr. Williams to file a response. [Dkt. 81.]

to litigate his claim and have prevented the moving party from receiving adequate redress." *Murphy v. Missouri Dep't. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007).

The motion does not establish any of the grounds for relief from a judgment under Rule 60(b)(1)–(5), nor does it present exceptional circumstances under Rule 60(b)(6). For example, the motion does not make a showing that the judgment is the result of fraud or mistake, nor that it should be vacated due to newly discovered evidence. And though the Court does not doubt that a lack of reliable housing can seriously interfere with a litigant's ability to pursue a case in even the simplest matters such as sending and receiving mail, exceptional circumstances due to housing insecurity have not been shown in this case. The pending motion concedes that Mr. Williams received the Defendants' summary-judgment briefing and although he was aware that Defendants had asked the Court to enter judgment in their favor on his claims, and Mr. Williams asked for and received an extension of time to respond to their motion, he did not follow through. The motion further demonstrates that other factors played a role in his lack of prosecution in this matter—he indicates that he was busy addressing other litigation in Illinois during this period. This weighs against a finding that circumstances beyond his control denied him a full and fair opportunity to litigate his case. Accordingly, the motion to reopen [Dkt. 86] is **DENIED**.

Date: March 31, 2023

                                                 *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge